IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                Plaintiff,

v.                                          OPINION and ORDER

CASSANDRA BAIER, RACHEL MATUSHAK,
DEREK HENNING, BARRY DAUGHTRY,             24-cv-296-jdp
JENIFFER KILMER, and DR. LAVOIE,

                Defendants.

---

Plaintiff Damien Green, proceeding without counsel, is incarcerated at Green Bay Correctional Institution. Green alleges that prison medical staff is not following specialists' orders for treatment of his foot and bladder maladies. Green has not submitted the $405 filing fee, so I infer that he seeks leave to proceed without full prepayment of the filing fee under 28 U.S.C. § 1915, also known as "in forma pauperis" status.

Green has "struck out" under § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration, except for cases in which he alleges that he is in imminent danger of serious physical injury. I conclude that Green meets the imminent-danger requirement. But I conclude that his allegations are too vague to state Eighth Amendment claims for relief. I will dismiss his complaint and give him a chance to file an amended complaint explaining what each defendant did to harm him.

ALLEGATIONS OF FACT

Green is incarcerated at Green Bay Correctional Institution. A surgical screw from a previous surgery causes him severe pain; a podiatrist told him that he would need a new surgery

to remove the screw. But Green hasn't received that surgery. Green states that multiple DOC officials have denied him further care.

Green also suffers from swelling in his urethra and a urologist prescribed him self-catheterization six times a day. For a time he was prescribed 54 catheters a week, but DOC staff now limits him to seven catheters a week, which forces him to reuse unclean catheters and has caused him pain and led to infections.

## ANALYSIS

**A. Imminent danger**

Green seeks leave to proceed without prepayment of the filing fee. But as stated above, he has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Green has brought actions or appeals that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Green v. Ralston Foods*, 10-cv-496-slc (W.D. Wis. Jan. 27, 2011); *Green v. Grams*, 10-cv-745-slc (W.D. Wis. Jan. 19, 2012); *Green v. United States*, 11-cv-163-slc (W.D. Wis. Aug. 6, 2012). Therefore, he cannot proceed without prepayment of the entire filing fee unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). I conclude that Green's claims about continuing inadequate treatment for his foot and bladder problems meet this standard.

### B. Initial partial payment

I am aware from Green's other cases in this and other courts that he qualifies for in forma pauperis status from a financial standpoint. Even though I conclude that Green may proceed with his imminent-danger claims without full prepayment of the filing fee, as an indigent prisoner filer he must still make an initial partial payment of the filing fee. The initial partial payment is calculated by using the method established in § 1915, by figuring 20 percent of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account over the last six months.

Green did not submit a trust fund account statement with his complaint. I will give Green a short deadline to submit that document. If he fails to meet this deadline, I will consider dismissing the case.

### C. Screening

The next step is to screen Green's imminent-danger claims and dismiss any portion of those claims that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(g) and 1915A. In doing so, I must accept Green's allegations as

3

true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer*, 511 U.S. at 847. A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996).

Green alleges that various DOC medical staff defendants refuse to give him the care prescribed by a podiatrist and urologist. A provider's failure to follow a specialist's recommendation can violate the Eighth Amendment. *See Arnett*, 658 F.3d at 753. Green's allegations are enough to state Eighth Amendment claims about treatment both for his foot and his bladder problems.

But there is a pleading problem that Green must fix before I will allow him to proceed on his claims. I cannot tell which of the defendants took each particular action that Green says harmed him. Rather, he identifies several defendants in each individual allegation, even though

4

it is highly unlikely that several different officials took each action that harmed him. Green doesn't explain what each defendant's job was at the prison or their specific role in denying him treatment. I will dismiss Green's current complaint and give him a short time to file an amended complaint explaining what each defendant did to violate his rights. He should not conclusorily allege that they each denied him treatment.

**D. Motion regarding legal mail and writing supplies**

Green moves for the court to intervene in prison staff holding his legal mail and barring him from possessing writing implements. Only in rare instances will the court intervene in a prison's administration of matters like these. Green has been able to file multiple lawsuits and motions over the past several months so I am not yet convinced that it is necessary to intervene. I will deny his motion without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Damien Green's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until December 17, 2024, to submit an amended complaint fixing the pleading problems identified in this opinion.

3. Plaintiff may have until December 17, 2024, to submit a six-month trust fund account statement.

4. Plaintiff's motion for court intervention with his legal mail or writing supplies, Dkt. 7, is DENIED.

Entered November 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge